**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**EVERTON BAILEY,**

              **Plaintiff,**          **9:09-cv-742**
                                               **(GLS/DEP)**

      v.

**M. FORTIER,**

              **Defendant.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Hancock, Estabrook Law Firm         MICHAEL J. SCIOTTI, ESQ.
1500 AXA Tower I
Syracuse, NY 13221

**FOR THE DEFENDANT**:
HON. RICHARD S. HARTUNIAN       CHARLES E. ROBERTS
United States Attorney                   Assistant U.S. Attorney
P.O. Box 7198
100 South Clinton Street
Syracuse, NY 13261-7198

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Everton Bailey commenced this action *pro se* against

defendant Michelle Fortier, a corrections officer at FCI Ray Brook, under

*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  (*See* Compl., Dkt. No. 1.)  After Fortier raised the issue of exhaustion, (*see, e.g.,* Dkt. No. 10, Attach. 1 at 5-12), Magistrate Judge David E. Peebles determined—and the court concurred—that dismissal of Bailey's claim on that ground was inappropriate. (*See* Dkt. Nos. 19, 21.)  Accordingly, Bailey was granted limited discovery on the issue of exhaustion, which culminated in an evidentiary hearing before Judge Peebles in June 2012.[1]  (*See* Dkt. No. 21; Tr.[2] at 2:13-21.)  After receiving testimony and considering the parties' supplemental briefs, Judge Peebles issued a Report-Recommendation and Order (R&R) on October 4, 2012, wherein he recommended that Bailey's Complaint be dismissed for failure to comply with the exhaustion requirements of 42 U.S.C. § 1997e(a).[3]  (*See generally* R&R, Dkt. No. 49.)  Pending are Bailey's

---

[1] Additionally, Judge Peebles appointed attorney Michael Sciotti to represent Bailey during the evidentiary hearing.  (*See* Dkt. No. 28.)  In furtherance of that appointment, attorney Sciotti filed both a post-hearing brief and the pending objections to the Report-Recommendation and Order.  (*See* Dkt. Nos. 45-46, 50.)

[2] Page references preceded by "Tr." refer to the transcript of the evidentiary hearing conducted on June 20, 2012. (*See* Dkt. No. 44.)

[3] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

objections to the R&R. (*See* Dkt. No. 50.) For the reasons that follow, the R&R is adopted in its entirety, and Bailey's Complaint is dismissed.

## II. Standard of Review

Before entering final judgment, this court routinely reviews all report-recommendation and orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo. See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). However, the court "may not reject the magistrate judge's credibility findings," unless it "has the opportunity to observe and evaluate witness credibility in the first instance." *United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009) (citing *Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999)). Where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See Almonte*, 2006 WL 149049, at *4-5.

## III. Discussion

3

Bailey argues that Judge Peebles failed to consider the testimony of Stevie Simmons, Bailey's cellmate, and reached improper conclusions on the issues of estoppel and special circumstances. (*See* Dkt. No. 50. at 3-8.) Fortier counters each of these assertions, arguing that Judge Peebles' decision was correct in all respects. (*See* Dkt. No. 53 at 2-7.) The court, having conducted a *de novo* review of Bailey's objections, agrees with Fortier.

First, Simmons' testimony was, as Fortier notes, irrelevant. (*See id.* at 2-3.) Besides being unable to recall, among other things, the names of the staff members who allegedly refused to provide Bailey the grievance forms, (*see* Tr. at 121:7-122:14), Simmons was not Bailey's cellmate in February or March of 2009, (*compare* Tr. at 120:1-15, *with* Compl. ¶ 8). Because an inmate generally has only twenty calendar days to file a grievance, (*see* R&R at 5), the alleged refusal of unnamed staff members to provide Bailey with grievance forms six months after the incident in question is of no moment, (*see* Dkt. No. 53 at 2-3). It follows that Judge Peebles correctly disregarded Simmons' testimony.[4]

---

[4] The fact that Judge Peebles did not explicitly discuss Simmons' testimony is also inconsequential, as there is no evidence that he did not consider it. (*See generally* R&R.) Simmons not only testified at the

4

Second, Bailey's estoppel argument is meritless. (*See* Dkt. No. 50 at 4-6.) As relevant here, a defendant is only estopped from asserting the exhaustion defense if she, through her "own actions inhibit[ed] the inmate's exhaustion of remedies." *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004); (*see* R&R at 19.) Here, Bailey has never alleged that Fortier precluded him from filing a grievance; rather he has repeatedly stated that other officials at FCI Ray Brook did so. (*See* R&R at 19-20; Compl. ¶ 6; Dkt. No. 11 at 1-5; Tr. at 86:18-97:16; Dkt. No. 50 at 5.) Thus, Judge Peebles correctly found that Fortier was not estopped from asserting the exhaustion defense.

Bailey's final claim, that Judge Peebles erred in finding that no special circumstances existed to excuse his failure to exhaust, is unpersuasive. (*See* Dkt. No. 50 at 6-8.) Because Bailey was unquestionably familiar with the grievance program at FCI Ray Brook, (*see, e.g.*, R&R at 21), his failure to exhaust can only be excused if something "rendered the grievance appeal process unavailable to him," *Murray v. Palmer*, No. 9:03-CV-1010, 2010 WL 1235591, at *6 (N.D.N.Y. Mar. 31,

---

hearing before Judge Peebles, but Bailey also submitted proposed findings of fact and conclusions of law based on his testimony. (*See* Tr. at 119:13-123:25; Dkt. No. 45 ¶ 12.)

2010) (internal quotation marks and citations omitted). In finding that no special circumstances existed, Judge Peebles' credited the testimony of Fortier's witnesses—each of whom testified that Bailey never asked for the grievance forms—and discredited Bailey's testimony to the contrary. (*See* R&R at 8, 22.) Given that this finding rests on an assessment of credibility, which neither party has challenged, there is no basis to disturb it.[5] *See Cullen*, 194 F.3d at 407; (*see generally* Dkt. Nos. 50, 53.) Necessarily then, the court adopts Judge Peebles' finding that Bailey was not denied access to the grievance program, as well as his conclusion with respect to the existence of special circumstances. (*See* R&R at 21-22.)

In sum, having reviewed the specific objections *de novo* and the remainder of the R&R for clear error, and finding none, the court adopts it in its entirety.

## IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Michael J. Sciotti, Esq. is **TERMINATED** as counsel for Bailey effective immediately; and it is further

---

[5] Even if the parties had challenged it, the court, having reviewed the record as whole, discerns no reason to conduct an independent credibility assessment.

6

**ORDERED** that Magistrate Judge David E. Peebles' October 4, 2012 Report-Recommendation and Order (Dkt. No. 49) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Bailey's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk shall close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

January 25, 2013
Albany, New York

*Gary L. Sharpe*
Chief Judge
U.S. District Court